IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOCORRO CARDONA, | § | |
|     Plaintiff, | § | |
| v. | § | **Civil Action No. 3:16-CV-0954-L** |
| | § | |
| COOPER AEROBICS ENTERPRISES | § | |
| INC.; METROPLEX BANQUET | § | |
| STAFFING, LLC; STAFF PRO, LLC; | § | |
| DAVID BRYAN CARPENTER, SR.; | § | |
| JUAN MENA; and MIRIAM | § | |
| GALLARDO, | § | |
|     Defendants. | § | **Pretrial Management** |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the *Standing Order of Reference*, dated June 6, 2017, this case was referred for pretrial management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the claims against Metroplex Banquet Staffing, LLC, Staff Pro, LLC, Juan Mena and Miriam Gallardo should be **DISMISSED without prejudice** for failure to timely serve them.

## I. BACKGROUND

On April 6, 2017, the plaintiff brought this collective action under the Fair Labor Standards Act (FLSA) to recover unpaid overtime compensation against several defendants by whom she was allegedly employed and their owners/managers, including Metroplex Banquet Staffing, LLC, Staff Pro, LLC, Juan Mena and Miriam Gallardo (Defendants). (doc. 1 at 1-3.)[1]  By order dated July 20, 2016, the plaintiff was ordered to effect service on those Defendants or show good cause in writing by August 4, 2016, for her failure or inability to effect service. (doc. 11.) On August 3, 2016, she

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

moved to extend the time to serve Defendants, and her deadline was extended until October 3, 2016. (*See* docs. 12, 13.) On September 30, 2016, the plaintiff filed a response to the order to show cause explaining that she had been unable to serve Defendants at their known addresses or to find additional possible addresses for them. (doc. 14 at 1-2.) She requested that her claims against Defendants be dismissed without prejudice under the July 20, 2016 order and Federal Rule of Civil Procedure 4(m). (*Id.* at 2-3.)

## II. RULE 4(m)

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that the defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Service of process must be made within 90 days of filing a complaint, or the action is subject to dismissal without prejudice. Fed. R. Civ. P. 4(m).

If a defendant is not timely served after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Ayika v. Sutton*, 378 Fed. App'x, 432 434 (5th Cir. 2010) (per curiam) (citing Fed.R.Civ.P. 4(m)). "When the [] deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service" or "quash service and give the plaintiff an additional opportunity to properly effect service." *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 745–46 (N.D. Tex. 2013) (citations omitted). "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir.1994) (citation omitted). What amounts to "good cause" under any particular set of circumstances is necessarily a fact-sensitive inquiry. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d

444, 446 (5th Cir. 1996). At a minimum, "the plaintiff must demonstrate ... as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Of course, courts retain discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Here, more than 90 days have passed since the plaintiff filed this action, but despite a significant extension of time, she has not served Defendants. She does not request additional time to serve them and has specifically requested that her claims against them be dismissed without prejudice. Accordingly, the claims against Defendants should be dismissed without prejudice.

### III.  CONCLUSION

The plaintiff's claims against Metroplex Banquet Staffing, LLC, Staff Pro, LLC, Juan Mena and Miriam Gallardo should be **DISMISSED without prejudice** for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 7th day of June, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                    IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE