**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SOCORRO CARDONA and all others similarly situated under 29 U.S.C. 216(B), | § § § | |
| *Plaintiff*, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:16-CV-00954-L |
| COOPER AEROBICS ENTERPRISES, INC., METROPLEX BANQUET STAFFING, INC., STAFF PRO LLC, DAVID CARPENTER, JUAN MENA AND MIRIAM GALLARDO, | § § § § § § | |
| *Defendants*. | § § | |

# DEFENDANT COOPER AEROBICS ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Elizabeth A. Fitch
State Bar No. 24075777
EFitch@hallettperrin.com

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

*Counsel for Defendant
Cooper Aerobics Enterprises, Inc.*

**TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................................................... iii

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND..........................................................................................1

    A. Cooper Hotel and Conference Center ...................................................................1

    B. The Hotel Does Not Employ Housekeepers, Including Cardona ..........................2

    C. The Complaint .......................................................................................................3

    D. The Motion.............................................................................................................4

III. ARGUMENTS & AUTHORITIES .................................................................................5

    A. Certification Under the FLSA................................................................................5

    B. Cardona Has Not Shown a Reasonable Basis for Crediting Her Assertions that Other Aggrieve Individual Exist..............................................7

    C. Cardona Has Not Met her Burden to Show There Are Other Similarly-Situated Employees ......................................................................8

    D. Cardona Has Not Shown that Other Potential Class Members Want to Opt In ........................................................................................9

    E. If the Court Decides to Grant Conditional Certification, It Should Nonetheless Narrow the Class..................................................................10

IV. CONCLUSION AND PRAYER ...................................................................................11

CERTIFICATE OF SERVICE ................................................................................................12

# **TABLE OF AUTHORITIES**

*Page(s)*

## **Cases**

*Clark v. City of Ft. Worth*,
  800 F. Supp. 2d 776 (N.D. Tex. 2011) ................................................................................... 7

*Crane v. J & M Communication, Inc.*
  No. 3:16-CV-2855-L-BH, 2017 WL 2882593 (N.D. Tex. July 6, 2017) .............. 1, 5, 6, 7,8, 10

*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165, 110 S. Ct. 482 (1989) ...................................................................................... 5

*Lentz v. Spanky's Rest. II, Inc.*,
  491 F. Supp. 2d 663 (N.D. Tex. 2007) ................................................................................... 9

*Marshall v. Eyemasters of Texas, Ltd.*,
  272 F.R.D. 449 (N.D. Tex. 2011) ....................................................................................... 5, 6

*Mason v. Amarillo Plastic Fabricators*,
  No. 2:15-CV-00109-J, 2015 WL 4481233 (N.D. Tex. 2015).................................. 5, 6, 7, 8, 10

*Road Hog Trucking, LLC v. Hilmar Cheese Co., Inc.*,
  Case No. 2:15-CV-258-J, 2016 WL 6125677 (N.D. Tex. Oct. 19, 2016). ................................ 5

*Simmons v. T-Mobile USA, Inc.*,
  No. CIV A H-06-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007*)*................................. 6, 10

*Songer v. Dillon Res., Inc.*,
  569 F.Supp.2d 703 (N.D.Tex.2008) ....................................................................................... 8

*Valcho v. Dall. Cnty. Hosp. Dist.*,
  574 F.Supp.2d 618 (N.D.Tex.2008) ....................................................................................... 8

## **Statutes**

29 U.S.C. § 216(b) .................................................................................................................. 5, 11

**TO THE HONORABLE IRMA C. RAMIREZ:**

Defendant Cooper Aerobics Enterprises, Inc. ("CAE") hereby files its Response to Plaintiff's Motion for Condition Certification.

## I.
## INTRODUCTION

The Court should deny Plaintiff Socorro Cardona's ("Cardona") Motion for Conditional Certification (the "Motion") because she has failed to meet even the lenient standards for obtaining conditional certification. Cardona has presented the Court with nothing to show that other aggrieved individuals who are similarly-situated to her exist. She also has given absolutely no indication that any other potential class members want to opt into the lawsuit. Cardona does not even support the Motion with her own affidavit, much less affidavits from anyone else. Instead, she relies on conclusory statements and supposition in her pleadings that there are other potential class members willing to participate in the lawsuit. This is not near enough to warrant class certification. In fact, Cardona's Motion amounts to nothing more than the very "stirring up of litigation through unwarranted solicitation" that this Court recently warned against in *Crane v. J & M Communication, Inc.*[1]

## II.
## FACTUAL BACKGROUND

**A.  Cooper Hotel and Conference Center**

CAE is a Dallas-based business focused on health and wellness that operates the Cooper Hotel and Conference Center (the "Hotel").[2] The Hotel is a 61-room, full-service boutique hotel catering to individual travelers and corporate groups.[3]

---

[1] No. 3:16-CV-2855-L-BH, 2017 WL 2882593, at *4 (N.D. Tex. July 6, 2017).
[2] *See*, Exhibit A, Affidavit of David Little at ¶ 3 (APP2).
[3] *See id.* at ¶ 4 (APP2).

**B.     The Hotel Does Not Employ Housekeepers, Including Cardona**

The Hotel has an array of staff whose job titles and responsibilities run the gamut from service to hotel administration.[4]  Their salaries also vary according to their jobs.[5]  In fact, some of the Hotel's employees are exempt under the Fair Labor Standards Act (the "FLSA") and some are non-exempt.[6]

The Hotel does not employ its own housekeepers.[7]  Instead, it enters into agreements with staffing agencies that supply housekeepers to work at the Hotel.[8]  Staff Pro LLC and VIP Housekeeping Services, LLC are two of such agencies.[9]  The terms of these types of service agreements differ.

Under the Hotel's agreement with Staff Pro, Staff Pro would provide the following services: room cleaning; a lobby attendant; houseman; relief team leader; and team lead.[10]  The rate Staff Pro charged for these services also varied with the service performed.[11]  Staff Pro would charge $8.75 per room cleaned, $13.35/hour for a lobby attendant, $18.70/hour for a houseman, $17.25/hour for a relief team leader, and $19.00/hour for a team leader.[12]

The Staff Pro Agreement confirms that it, not the Hotel, is the employer, and that it is responsible for payment of wages and other associated matters, such as tax withholdings and maintenance of payroll and personnel records.[13]

---

[4] *See id.* at ¶ 5 (APP3).
[5] *See id.*
[6] *See id.*
[7] *See id.* at ¶ 6 (APP3).
[8] *See id.*
[9] *See* Exhibit A at ¶ 6 (APP3); *see also* Exhibit B , Contractual Agreement for Temporary Labor Services Between Cooper Aerobics Enterprises, Inc. and Staff Pro, LLC (the "Staff Pro Agreement"); Exhibit C, Service Agreement between CAE and VIP Housekeeping Services, LLC (the "VIP Agreement") (APP6-21).
[10] *See* Exhibit B at Ex. A (APP12).
[11] *See id.*
[12] *See id.*
[13] *See* Exhibit B at 3 (APP8).

Under the Hotel's agreement with VIP, VIP would provide the following services: room cleaning; lobby attendant; relief inspectress; and supervisor.[14] VIP would charge $7.25 per room, $12.00/hour for a lobby attendant, $15.00/hour for a relief inspectress, and $18.00/hour for a supervisor.[15]

Cardona, employed for an outside staffing agency, says she was assigned to work as a housekeeper at the Hotel from December 15, 2006 through April 1, 2016.[16] Time records reflect that Cardona worked for various agencies, including VIP and Allstar Hospitality of Texas ("Allstar"), while performing housekeeping services at the Hotel.[17] She was not employed nor paid by CAE.[18]

**C.     The Complaint**

On April 6, 2016, Cardona file her Complaint under the FLSA.[19] In the Complaint, Cardona alleges that CAE and other defendants failed to pay her overtime and minimum wages.[20] Cardona purports to bring the Complaint on behalf of herself and others similarly situated.[21] However, nowhere in the Complaint does Cardona actually identify any other potential class member. In fact, she only mentions other similarly-situated employees in the body of the Complaint one time, and that statement is conclusory and not based on any personal knowledge: "It is believed that the Defendants have employed several other similarly situated

---

[14] *See* Exhibit C at 1 (APP23).
[15] *See id.*
[16] *See* Complaint Under 39 U.S.C. §§ 201-216 Overtime Wage Violations (the "Complaint") [ECF No. 1].
[17] *See* Exhibit D, sample timesheets from Allstar and VIP reflecting that Cardona worked for both agencies at the Hotel (APP26-39).
[18] *See* Exhibit A at ¶ 7 (APP3).
[19] *See* Complaint at ¶ 1.
[20] *See id.* at ¶ 10; 24-25.
[21] *See id.* at 1; ¶ 10. Since the time Cardona filed the Complaint, the Court dismissed without prejudice Defendants Metroplex Banquet Staffing, LLC, Staff Pro, Juan Mena, and Miriam Gallardo because Cardona did not timely serve them under Federal Rule of Civil Procedure 4(m). *See* Order [ECF No. 26].

employees like the Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years."[22]

### D. The Motion

On November 16, 2017, Cardona filed the Motion.[23] Cardona asks that the Court conditionally certify the case as a collective action for "the class of employees including housekeeping employees who worked at Cooper Hotel & Conference Center from April 7, 2013 to the present and ongoing."[24]

In the Motion, Cardona argues that Defendants' alleged practice of not paying wages in accordance with the FLSA was a company-wide practice and not an isolated incident.[25] Of course, Cardona offers no factual basis for this statement, nor does she support it with any evidence. As with her Complaint, Cardona also does not identify any other potential class members in the Motion, instead simply arguing that "based on Plaintiff's investigation so far it appears that Defendants employed at least five other employees under the same system as Plaintiff who are thus similarly situated to the Plaintiff during the relevant time period going back three years from the filing of the complaint to April 7, 2013."[26] She offers no evidence to support this conclusory assertion.

Cardona tries to avoid her obligation to support the Motion by claiming that CAE knows the identity of these potential class members—people who worked with her at the Hotel—and should provide their identities to her.[27] But, this argument is belied by the fact that documents produced by Defendant David Carpenter ("Carpenter") in discovery actually show the names of

---

[22] *See id.* at ¶ 10.
[23] *See* Motion [ECF No. 27].
[24] *See id.* at ¶ 23.
[25] *See id.* at ¶ 3.
[26] *See id.* at ¶ 6.
[27] *See id.* at ¶ 8.

the very people that Cardona presumably believes could join her class.[28] Tellingly, Cardona does not offer an affidavit supporting her Motion from a single one of these people. In fact, Plaintiff does not offer any affidavit at all—her own or any other potential class members—in support of the Motion.

## III.
## ARGUMENTS & AUTHORITIES

**A.     Certification Under the FLSA**

The FLSA requires employers to pay their nonexempt employees the federal minimum wage for all hours worked plus overtime pay of time and one-half the regular rate of pay for hours worked in excess of forty hours in a work week.[29] One or more employees may sue to recover unpaid wages on behalf of themselves and other employees similarly situated.[30]

Federal district courts have discretion, in appropriate cases, to implement the provisions of 29 U.S.C. § 216(b) requiring employees to give consent in writing to become a party plaintiff in FLSA class actions by facilitating notice to potential plaintiffs.[31]

To determine whether a class of similarly situated employees exists, such that notice to potential plaintiffs is appropriate, courts in the Fifth Circuit have applied two different approaches.[32] However, most courts in the Northern District of Texas, including this Court, have applied the *Lusardi* approach.[33] The *Lusardi* approach is a two-step process: (1) the "notice stage" in which a court examines the pleadings and any evidence advanced to determine if an

---

[28] *See* Exhibit E, sample daily sign-in sheets for VIP employees at the Hotel. Carpenter was an officer at VIP. *See* Defendant David Carpenter's First Amended Answer to Plaintiffs' Complaint for Overtime Wage Violations at ¶ 6. VIP is currently in bankruptcy (APP41-43). *See id.*
[29] *Road Hog Trucking, LLC v. Hilmar Cheese Co., Inc.*, Case No. 2:15-CV-258-J, 2016 WL 6125677, at *2 (N.D. Tex. Oct. 19, 2016).
[30] 29 U.S.C. § 216(b).
[31] *Road Hog Trucking*, 2016 WL 6125677, at *2 (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70, 110 S. Ct. 482 (1989)).
[32] *Mason v. Amarillo Plastic Fabricators*, No. 2:15-CV-00109-J, 2015 WL 4481233, at *2 (N.D. Tex. 2015); *see also Marshall v. Eyemasters of Texas, Ltd.*, 272 F.R.D. 449 (N.D. Tex. 2011).
[33] *See Crane*, 2017 WL 2882593, at *4.

order facilitating notice to potential class members is justified; and, if so, (2) the "de-certification stage," usually following discovery, where the court decides if the class is still comprised of similarly situated plaintiffs.[34]

To demonstrate that conditional certification and notice to potential plaintiffs is proper, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit.[35]

Although these requirements are couched in terms of allegations, most courts require plaintiffs to provide some factual basis in support of their allegations—typically in the form of affidavits or declarations provided by the named plaintiffs and the potential plaintiffs who wish to opt into the lawsuit.[36] The *Lusardi* approach still requires plaintiffs to present substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.[37] Thus, the court should focus on the pleadings and any affidavits provided by the parties in its analysis.[38] Certification should be denied if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.[39] As this Court has noted, "a court should be mindful of the responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation."[40]

---

[34] *Marshall*, 272 F.R.D. at 449; *see also Crane*, 2017 WL 2882593, at *4.
[35] *Crane*, 2017 WL 2882593, at *4. There is some dispute as to whether element (3) is required. *See id.* at *6 n.6; *cf Simmons v. T-Mobile USA, Inc.*, No. CIV A H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007*)* ("[A] showing is necessary that at least a few similarly situated individuals seek to join the lawsuit."); *Mason*, 2015 WL 4481233, at *5 ("Affidavits asserting that other potential plaintiffs wish to opt into the lawsuit are a nearly universal prerequisite to notice and conditional certification of an FLSA collective action.")
[36] *Mason*, 2015 WL 4481233, at *3.
[37] *Marshall*, 272 F.R.D. at 449.
[38] *Id.*
[39] *Crane*, 2017 WL 2882593, at *4.
[40] *Crane*, 2017 WL 2882593, at *4 (internal quotation omitted).

### B. Cardona Has Not Shown a Reasonable Basis for Crediting Her Assertions that Other Aggrieved Individuals Exist

Cardona's Motion fails at the outset because she offers nothing to support her claim that there are other aggrieved individuals in her purported class.

In analyzing this issue, courts consider factors such as (1) whether potential plaintiffs were identified, (2) whether affidavits of potential plaintiffs were submitted to the court, and (3) whether evidence of a widespread discriminatory plan was submitted.[41] Here, Cardona has not met even one of these factors. She has not identified any other potential plaintiffs.

Cardona tries to avoid this shortcoming in her pleadings by stating (in a conclusory fashion) that there may be at least five other employees paid under the same system as she.[42] Of course, Cardona does not identify any of these individuals. Instead, she argues that she is not required to identify other hypothetical collective action members.[43]

As the *Mason* court noted, plaintiffs typically can avoid this requirement only in cases where the original lawsuit includes more than one named plaintiff, so that the court has some evidence that multiple similarly-situated employees may have been subjected to the same discriminatory policy or plan.[44] But, Cardona is the only named plaintiff in her lawsuit. Therefore, this matter does not fall within that limited class of cases where she is excepted from identifying other potential plaintiffs.

Cardona also tries to obscure that she failed to name other potential plaintiffs by claiming that CAE already knows the identities of other potential class members.[45] Yet, Cardona purports

---

[41] *See Mason*, 2015 WL 4481233, at *4 (citing *Clark v. City of Ft. Worth*, 800 F. Supp. 2d 776, 779-80 (N.D. Tex. 2011); *see also Crane*, 2017 WL 2882593, at *4.
[42] *See* Motion at ¶ 6.
[43] *See* Motion at ¶ 13.
[44] *Mason*, 2015 WL 4481233, at *5.
[45] *See* Motion at ¶ 8.

to have performed housekeeping services at the Hotel for nearly a decade.[46] Surely, she knows the names of the housekeepers with whom she worked over this time period. Equally notable here is that Carpenter has produced to Cardona documents in discovery that identify these individuals by name.[47] That Cardona has not included any of these names in her Motion is telling of the fact that there is no class of aggrieved individuals.

Furthermore, Cardona presents no evidence of a widespread discriminatory plan. To the contrary, she simply says that "[i]t is believed that this was a company-wide practice by Defendants CAE whereby Defendant CAE and other entities and persons involved in employing and paying persons who worked at the hotel operated by Defendant CAE did not pay overtime compensation in accordance with the FLSA."[48] But, unsupported allegations of widespread FLSA violations are insufficient to meet the plaintiff's burden at the notice stage.[49] Without more, Cardona fails to meet the first element, and the Court should thus deny her Motion.

## C. Cardona Has Not Met her Burden to Show There Are Other Similarly-Situated Employees

To support allegations that potential class members are similarly situated, courts require evidence that the employees (1) had similar job requirements, and (2) similar pay provisions.[50] As stated above, unsupported allegations of widespread FLSA violations are insufficient to meet the plaintiff's burden at the notice stage.[51]

Cardona's support for the similarly-situated factor can be illustrated in her following two sentences:

---

[46] *See* Complaint at ¶ 13.
[47] *See* Exhibit E (APP41-43).
[48] *See* Motion at ¶ 6.
[49] *Mason*, 2015 WL 481233, at *4.
[50] *See Mason*, 2015 WL 4481233, at *4 (citing *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 706 (N.D.Tex.2008); *Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F.Supp.2d 618, 621 (N.D.Tex.2008)); *see also Crane*, 2017 WL 2882593, at *4; *see also Mason*, 2015 WL 4481233 at *3.
[51] *Mason*, 2015 WL 481233, at *4.

- It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.[52]

- Turning now to the substance of the motion, based on Plaintiff's investigation so far it appears that Defendants employed at least five other employees paid under the same system as Plaintiff who are thus similarly situated to the Plaintiff during the relevant time period going back three years from the filing of the complaint to April 7, 2013.[53]

This falls squarely within the category of "unsupported allegations." Cardona has in no way shown that "the class of employees including housekeeping employees who worked at Cooper Hotel & Conference Center from April 7, 2013 to the present and ongoing" had similar job requirements to her or had similar pay provisions.

The Hotel has an array of staff whose job titles and responsibilities run the gamut from service to hotel administration.[54] Their salaries vary according to their jobs.[55] In fact, some of the Hotel's employees are exempt under the FLSA and some are non-exempt.[56] And, Cardona was not even employed for CAE. She worked for various staffing agencies, which had different terms and agreements with CAE.[57] Cardona has not provided any evidence that these staffing agencies that actually employed her also employed the other members of the class she would ask this Court to certify, or that any such individuals were paid in a similar fashion.

D.  **Cardona Has Not Shown that Other Potential Class Members Want to Opt In**

Several Texas courts have found that whether other potential class members want to participate is critical in determining whether to grant conditional class certification.[58] Others'

---

[52] *See* Complaint at ¶ 10.
[53] *See* Motion at ¶ 6.
[54] *See* Exhibit A at ¶ 5 (APP2).
[55] *See id.*
[56] *See id.*
[57] *See* Exhibits B (APP6-21), C (APP23-24).
[58] *See, e.g. Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) ("The court must satisfy itself that other 'similarly situated' individuals justify notice because they desire to opt-in and are 'similarly situated' with

interest in joining the litigation is relevant to deciding whether to put a defendant-employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action.[59] Indeed, the *Mason* court noted that "[a]ffidavits asserting that other potential plaintiffs wish to opt into the lawsuit are a nearly universal prerequisite to notice and conditional certification of an FLSA collective action."[60] A plaintiff's inability to procure affidavits from potential opt-in plaintiffs strongly suggests that there is no class of similarly-situated employees willing to participate in the collective action.[61]

Here, Cardona has not even bothered to show that other class members may want to join the class. She certainly had the opportunity to find other potential class members by reaching out to her former coworkers, either through personal contacts she made with them at work or by the names identified in discovery documents. As in the *Mason* case, Cardona's failure to procure affidavits from potential opt-in plaintiffs shows there is no class of similarly situated employees willing to participate in the collective action.

E.  **If the Court Decides to Grant Conditional Certification, It Should Nonetheless Narrow the Class**

Cardona identifies the potential class as "employees including housekeeping employees who worked at Cooper Hotel & Conference Center from April 7, 2013 to the present and ongoing."[62] As explained above, this class is so broad that it includes CAE's actual employees (whether exempt or nonexempt) and employees of service companies such as Staff Pro, VIP, and

---

respect to job requirements and with regard to their pay provisions."); *Simmons v. T-Mobile USA, Inc.,* No. CIV A H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (A showing is necessary that at least a few similarly situated individuals seek to join the lawsuit). This Court has recognized that there is some dispute in this District over whether a plaintiff must show that other potential class members want to opt in. *See Crane*, 2017 WL 2882593, at *6 n.6. Even if the Court determines this factor is not outcome-determinative, however, it is nonetheless compelling here because Cardona knows the names of other potential class members but still has not shown that they want to join the class.

[59] *Simmons*, 2007 WL 210008, at *9.
[60] *Mason*, 2015 WL 4481233, at *5 (citing six cases from the Northern District of Texas).
[61] *See id.*
[62] *See* Motion at ¶ 23.

Allstar who worked at the Hotel but not for CAE. These individuals' job descriptions and pay provisions may vary drastically from those of Cardona, depending on their jobs, duties, and classifications. Therefore, in the event the Court decides that Cardona is entitled to conditional certification, CAE respectfully requests that the Court narrow the class to those people who worked as housekeepers at the Hotel for service companies pursuant to service agreements with CAE from April 7, 2013 through April 6, 2016.

## IV.
## CONCLUSION AND PRAYER

For all these reasons, Defendant Cooper Aerobics Enterprises, Inc. respectfully requests that the Court deny Plaintiff Socorro Cardona's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b). In the alternative, in the event that the Court grants the Motion, Cooper Aerobics Enterprises, Inc., requests that the Court limit the class to those people who worked as housekeepers at the Hotel for service companies pursuant to service agreements with CAE from April 7, 2013 through April 6, 2016. Finally, Cooper Aerobics Enterprises, Inc. requests any further relief to which it may be justly entitled.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Elizabeth A. Fitch
State Bar No. 24075777
EFitch@hallettperrin.com

*Counsel for Defendant*
*Cooper Aerobics Enterprises, Inc.*

## CERTIFICATE OF SERVICE

On December 7, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Robert L. Manteuffel
J.H. ZIDELL, P.C.
6310 LBJ Freeway, Suite 112
Dallas, Texas 75240
RLManteuffel@sbcglobal.net

Mr. Steven E. Clark
CLARK FIRM PLLC
10000 N. Central Expressway, Suite 400
Dallas, Texas 75231
SClark@dfwlaborlaw.com

*Monte K. Hurst*
Monte K. Hurst