IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOCORRO CARDONA, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:16-CV-0954-S-BH |
| | § | |
| COOPER AEROBICS ENTERPRISES | § | |
| INC.; METROPLEX BANQUET | § | |
| STAFFING, LLC; STAFF PRO, LLC; | § | |
| DAVID BRYAN CARPENTER, SR.; | § | |
| JUAN MENA; and MIRIAM | § | |
| GALLARDO, et al., | § | |
| Defendants. | § | Pretrial Management |

## MEMORANDUM OPINION AND ORDER

By *Standing Order of Reference* dated June 6, 2017, this case was referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions. Before the Court for determination is *Plaintiff's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) and Request for Specific Briefing Schedule*, filed November 16, 2017 (doc. 27). Based upon the relevant filings and applicable law, the motion is **DENIED**.

## I. BACKGROUND

Socorro Cardona (Plaintiff) brings this collective action under the Fair Labor Standards Act (FLSA) to recover unpaid overtime compensation against several defendants by whom she was allegedly employed and their owners/managers, including Cooper Aerobics Enterprises, Inc. (Cooper), David Carpenter (Carpenter), Allstar Hospitality Services of Texas, LLC (Allstar), Staff Pro, LLC a/k/a SP Workforce Solutions, LLC (Staff Pro), Richard Booth (Booth), Reginald G. Walker (Walker), Jose Rodriguez (Rodriguez), Juan Pablo Silva (Silva), Nilda Ramirez (Ramirez),

Troy Sloppy (Sloppy), and David Little (Little) (collectively, Defendants).[1] (docs. 1 at 1-3, 43 at 1-5.)[2]

Plaintiff contends that Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay her, and others like her, the overtime and minimum wages required under the FLSA for work performed in excess of 40 hours per week. (doc. 43 at 5-9.) She alleges that Cooper used Allstar and Staff Pro as "intermediate staffing services" to employ the hourly housekeeping workers at its hotel from April 6, 2013, to April 1, 2016, where each entity was her "joint employer . . . while [she] was working at the hotel operated by [Cooper]." (*Id.* at 7.) She specifically alleges that Ramirez, who is identified as a "supervisor/manager" with Cooper, instructed her to work off the clock and without pay for "an average of 2.5 hours per day, Monday through Friday each week." (*Id.* at 8.) From December 15, 2006, to "about" April 1, 2016, Plaintiff claims to have worked an average of 52.5 hours per week, Monday through Friday, where she was paid an average of $13.00 per hour for the first 40 hours worked Monday through Friday, but she was not compensated for any hours worked above 40 hours in a week as required by the FLSA. (*Id.* at 9.) She seeks the "time-and-a-half overtime rate" for an average of 12.5 hours of unpaid overtime worked above 40 hours in a work week, as well as "double damages" and attorney's fees as provided by the FLSA. (*Id.* at 9-10.)

Plaintiff now moves under 29 U.S.C. § 216(b) of the FLSA for conditional certification of a collective action class comprised of "employees including housekeeping employees who worked

---

[1] On October 18, 2017, four additional defendants were dismissed without prejudice for Plaintiff's failure to comply with Rule 4(m) and timely serve them with process in this action. (docs. 19, 26.)

[2] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2

at Cooper Hotel & Conference Center from April 7, 2013, to the present and ongoing."[3] (doc. 27 at 9.) She provides Cooper's interrogatory answer that identifies Ramirez as one of the managers of housekeeping operations at its hotel. (*Id.*) She also claims that "discovery responses and documents produced by Defendants," including time sheets for her work at Cooper's hotel, support a finding that this "practice of not paying wages in accordance with the FLSA to the housekeeping staff at the hotel operated by [Cooper] was a company-wide practice." (*Id.* at 2.) Plaintiff has not submitted any of these discovery responses or documents, however, because certain Defendants have "indicated" that they may propose the entry of a protective order in this case. (*Id.*) She moves for a "specific briefing schedule" requiring Defendants "to move for entry of . . . [a] protective order pursuant to which the documents may be filed with the Court under seal, or submit a notice to the Court affirmatively stating that the documents produced so far should not be subject to a protective order." (*Id.* at 2, 10.) No motion for protective order has been filed by any of the parties in this suit, and Cooper attached a redacted version of the discovery documents at issue, including Plaintiff's time sheets, to its response. (docs. 29, 30.)

With timely responses (docs. 29, 32) and reply (doc. 34), Plaintiff's motion for conditional certification is ripe for determination.

## II. CONDITIONAL CERTIFICATION

The FLSA provides that a suit may be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b). This type of collective action follows an "opt-in" procedure in which

---

[3] After she filed her motion for conditional certification, Plaintiff amended her complaint to include additional defendants on March 20, 2018. (doc. 43.) She has not sought leave to amend her motion to modify the proposed class.

3

"[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[4] *Id.*

Under the FLSA, courts have discretion to allow a party asserting claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, courts in this district utilize a two-stage approach that involves a "notice" stage and a "decertification" stage with different evidentiary thresholds applying at each. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp. 2d 618, 621 (N.D. Tex. 2008) (noting that district courts in the Northern District of Texas apply the two-stage test).[5]

At the "notice" stage, a plaintiff files a motion to authorize notice of the lawsuit to potential class members. *See Mooney*, 54 F.3d at 1213-14. The evidentiary standard at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." *Id.* at 1214 n.8. However, a court should be mindful of the "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Crane v. J & M Commc'ns, Inc.*, No. 3:16-CV-2855-L-BH, 2017 WL 2882593, at *4 (N.D. Tex. July 6, 2017) *(quoting Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D.

---

[4] Section 216(b) actions differ from Fed. R. Civ. P. 23 class actions in that members of the class are permitted to "opt-in" rather than "opt-out" of the class. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Rule 23 and § 216(b) class actions are "mutually exclusive and irreconcilable," and those who choose not to opt-in to a class action under § 216(b) are not bound by, and may not benefit from, the judgment. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975) (per curiam).

[5] Although *Mooney* addressed the collective action procedure under the Age Discrimination in Employment Act (ADEA), it applies in the FLSA context because the ADEA explicitly incorporates 29 U.S.C. § 216(b). *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 809 n.7 (S.D. Tex. 2003).

Minn. 1991)). If the motion is granted, the district court will conditionally certify the class so that putative class members are given notice and the opportunity to "opt-in" to the lawsuit. *Mooney*, 54 F.3d at 1214. The action then proceeds as a representative action throughout discovery. *Id*. Once discovery is complete, the case proceeds to the second stage of litigation, in which the court revisits the issue of certification, usually when the defendant files a motion to decertify the class. *Id*.

> To demonstrate that conditional certification and notice to potential plaintiffs is proper, a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) [ ] those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) [ ] those individuals want to opt in to the lawsuit.

*Crane*, 2017 WL 2882593, at *4 (citing *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007)). To determine whether the requisite showing has been made, courts look to the similarity of job requirements and pay provisions and at whether the putative class members appear to be possible victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Butler v. City of San Antonio*, No. SA-03-CA-170-RF, 2003 WL 22097250, at *1 (W.D. Tex. Aug. 21, 2003). Courts may also consider whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *See H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999). Certification should be denied "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)).

Here, Plaintiff contends that "based on [her] investigation so far it appears that Defendants

employed at least five other employees paid under the same system as Plaintiff who are thus similarly situated to [her] during the relevant time period." (doc. 27 at 3.) In support, she points to the "plausible, specific allegations regarding Defendants' policy" in her complaint, as well as Cooper's response to an interrogatory that identifies Ramirez as the manager of housekeeping operations at its hotel from April 6, 2013, to April 6, 2016. (*Id*. at 8-9.) Plaintiff additionally alleges that Defendants' discovery responses also "appear to reflect numerous instances of alterations to written time records," but she fails to attach these responses and handwritten time sheet records because Defendants "indicated that they would likely propose entry of a protective order in this case." (*Id*. at 2, 9.)

Other than the conclusory and unverified allegations made in her complaint, the only evidence that Plaintiff attaches to her motion as support that a class should be conditionally certified is the following interrogatory response from Cooper:

> . . . From April 6, 2013, to April 6, 2016, Nilda Ramirez managed the housekeeping operations at Cooper Hotel & Conference Center. Additionally, each staffing agency for whom [Plaintiff] worked had its own management, to whom [Cooper] believes [Plaintiff] reported.[6]

(doc. 27-2 at 11-12.) She argues that this is sufficient for conditional certification because Ramirez is also named in her complaint as the manager who "instructed Plaintiff to work off the clock." (doc. 27 at 9.) This interrogatory response, however, does not address the hours, payment provisions, overtime wages, or anything about the approximate number of "employees, including housekeeping employees, who worked at Cooper Hotel & Conference Center from April 7, 2013, to the present and ongoing" that Plaintiff wishes to conditionally certify as a class. (*See* doc 27-2.) There is also

---

[6] This interrogatory response was answered subject to Cooper's objection that the interrogatory was "overly broad, lacks specificity, and assumes facts not in evidence." (doc. 27-2 at 11.) In its response to Plaintiff's motion, however, Cooper does not object to the use of its full interrogatory response as evidence to the motion for conditional certification. (*See* doc. 29.)

6

no explanation or differentiation between the "housekeeping employees" and other "employees" that Plaintiff includes in the proposed class. None of the evidence or pleadings identify any other employee, and no other employee submitted a declaration or joined this suit. The evidence currently before the Court may offer support of Plaintiff's individual claim for failure to pay overtime compensation, but it does not suffice to meet her burden to show a reasonable basis for the existence of other aggrieved individuals who are similarly situated to her and the victims of a single decision, policy, or plan. *See Crane*, 2017 WL 2882593, at *6 (denying conditional certification because even though the plaintiff "generally allege[d] that a company representative told her that Defendant did not pay overtime wages, [she] failed to show how it was a policy that affected or was generally applicable to the other employees as opposed to just Plaintiff"); *see also Pruneda v. Xtreme Drilling & Coil Servs., Inc.*, No. 5:16-CV-91-DAE, 2016 WL 8673853, at *4 (W.D. Tex. Apr. 14, 2016) (denying conditional certification because the factual support was insufficient to create a factual nexus that bound the plaintiff and potential class members as victims of a particular alleged policy or practice because it stated nothing about how the other potential class members received compensation).

In her reply, Plaintiff further argues that the redacted time sheets attached to Cooper's response support conditional certification.[7] (doc. 34 at 5-7.) She contends that the "fact that [Cooper] has redacted the identities of [other housekeeping employees on the time sheets] while presenting no legal authority supports a finding that [Cooper] is taking proactive steps to hide the identities of prospective class members," and that the unredacted time sheets that were produced to Plaintiff during discovery "evidence a recurring pattern of adjustments to time entries and what is almost

---

[7] Cooper attached several pages of Plaintiff's redacted time sheets to its response as evidence that she "worked for various agencies . . . while performing housekeeping services at the Hotel," and she was neither "employed nor paid" by Cooper. (doc. 29 at 6.)

certainly an artificially exact, recurring correlation between rooms cleaned and hours worked for housekeepers like Plaintiff." (*Id.* at 4-5.) Plaintiff has conceded that she had this evidence at the time she filed her motion for certification, but failed to include it with her motion. She cites no authority for the proposition that she could not have filed it with her motion simply based on a statement by Defendants that they would likely seek a protective order to assist in discovery and document production. Furthermore, the fact that Defendants might seek a protective order to assist in discovery and document production does not necessarily mean that the specific documents at issue contain protected information. Notably, Cooper attached three unredacted time sheets to its response to the motion. (doc. 30 at 44-46.) Even if the time sheets do contain sensitive or protected information, however, Plaintiff could have filed a motion for leave to file the documents under seal.

Nevertheless, even assuming that the unredacted time sheets show an alleged "recurring pattern of adjustments to time entries" as alleged by Plaintiff, they would not be sufficient to show that other individuals are similarly situated to her. Plaintiff provided no additional factual support to meet her burden that other individuals are similarly situated to her, such as her own affidavit verifying her personal knowledge as to the allegations made in the complaint. While she is not required to provide multiple declarations from other potential opt-in plaintiffs, Plaintiff must still provide a reasonable basis for the existence of aggrieved individual who are similarly situated to her. *See Jones v. SuperMedia, Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012) (noting that "other courts have allowed for class certification without either the submission of statements from similarly situated employees, or affidavits from named plaintiffs that provide specific information about other employees").[8] Without more evidence or information, any determination about whether other

---

[8] Plaintiff further argues that she should not be required to provide affidavits from other aggrieved housekeeping employees showing that they want to opt-in to this suit. (doc. 34 at 5-6.) Several other district courts in the Fifth Circuit have rejected this element on a variety of bases, the most common being that evidence of potential opt-in

8

"employees, including housekeeping employees," were subject to the same overtime compensation policy would be based on speculation. Plaintiff has not met her burden for conditional certification.[9]

### III. REQUEST FOR LEAVE AND BRIEFING SCHEDULE

In her reply, Plaintiff "requests that the Court grant Plaintiff leave to file additional evidence." (doc. 34 at 8.) She specifically identifies that she would like to submit the "handwritten time entries" that allegedly contain "numerous changes" and show that each housekeeping employee cleaned one room exactly every thirty minutes. (*Id*. at 4-6.)

Though Plaintiff cites to a recent Northern District case for the proposition that the "rule set out in *Dethrow*[10] prohibiting filing evidence in support of reply briefs without leave of court applies only to briefing on motions for summary judgment," she failed to attach the unredacted portions of the time sheets provided to her during discovery to her reply, and she provides no explanation why she has failed to do so. (*Id*. at 3) (citing *Castro v. Precision Demolition LLC*, No. 3:15-CV-0213-D, 2017 WL 2954784, at *7 n.7 (N.D. Tex. July 11, 2017) (considering objection made to evidence submitted in support of a reply brief to a motion for judgment as a matter of law under Rule 50(b))). Plaintiff, moreover, fails to explain why or how this is the only evidence that sufficiently meets her burden at the conditional certification stage, as opposed to the more typical and accessible evidence

---

plaintiffs' willingness to join the lawsuit is not statutorily required and that requiring such evidence "conflicts with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes." *Jones*, 149 F. Supp. 3d at 768 (citing *Tony and Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290 (1985)); *see also Villareal*, 751 F. Supp. 2d at 916. Because Plaintiff failed to show a reasonable basis for the existence of other aggrieved individuals who are similarly situated to her, this element is not outcome-determinative, and Plaintiff's arguments regarding it need not be considered.

[9] Because Plaintiff's motion for conditional certification is denied, the parties' additional arguments regarding the scope of the class or the extent of each specific defendant's liability in this suit need not be considered. (*See* docs. 29 at 13-14, 32 at 2-3, 34 at 6-9.)

[10] Plaintiff refers to *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001), which held that "a party may not file a reply brief appendix without first obtaining leave of court . . . [b]ecause the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence."

of a sworn affidavit from Plaintiff herself in support of her motion.

Moreover, Plaintiff's request is undercut by the fact that Cooper attached three unredacted time sheets to its response to the motion. (doc. 30 at 44-46.) These time sheets simply show the name of the employees, including Plaintiff, and the number of hours worked per day. (*Id.*) Even assuming that Plaintiff's characterization of the unredacted portions of the time sheets is accurate, this evidence would not address the deficiencies in Plaintiff's factual support to her motion that are discussed in the previous section. It would still not provide factual support regarding the payment provisions, policies, overtime wages received, or anything about the approximate number of "employees, including housekeeping employees" that Plaintiff wishes to conditionally certify as a class. (*See id.*) Plaintiff's request for leave is accordingly **DENIED**.

Plaintiff also seeks a "specific briefing schedule" requiring Defendants "to move for entry of . . . [a] protective order pursuant to which the documents may be filed with the Court under seal, or submit a notice to the Court affirmatively stating that the documents produced so far should not be subject to a protective order." (doc. 27 at 2, 10.) As noted, Plaintiff cites no authority for the proposition that she could not have filed certain evidence with her motion simply based on a statement by Defendants that they would likely seek a protective order to assist in discovery and document production, and she could have moved for leave to file the evidence under seal. There is no basis for setting a deadline by which Defendants must either move for a protective order or file a statement indicating that they will not be filing a motion for protective order. This request is also **DENIED**.

### IV. CONCLUSION

Plaintiff's motion for conditional certification (doc. 27) is **DENIED**.

**SO ORDERED this 15th day of June, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE